SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
JAMES A. SCHARF (CSBN 152171)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5044
   Facsimile:  (408) 535-5081
   james.scharf@usdoj.gov

Attorneys for Defendant United States of America[1]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL COOK, | No. C 07 06232 HRL |
|     Plaintiff, | |
|     v. | **DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| UNITED STATES OF AMERICA, | Date: January 23, 2008 |
|     Defendant. | Time: 9:30 a.m. |
| | Judge: Honorable Richard Seeborg |
| | Location: Courtroom 4, 5th Floor |

---

[1] Pursuant to 28 U.S.C. § 2679(d)(1), the United States of America is automatically substituted as the defendant in the place of Jacob Perez.

DEFENDANT'S MOTION TO DISMISS
C 07 06232 HRL

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that Defendant United States moves pursuant to Federal Rule of Civil Procedure, Rule 12(b)(1) or alternatively, pursuant to Federal Rule of Civil Procedure, Rule 12(b)(6), for dismissal of the complaint filed by Plaintiff Michael Cook ("Plaintiff"). This motion is based upon this Notice of Motion and the Memorandum of Points and Authorities below, the declaration of William Zuroff attached to this motion, the papers and pleadings on file in this action, the papers, pleadings and orders filed in the related cases, and any other matters that the Court may wish to consider. Should defendant's pending administrative motion to transfer this case to Magistrate Judge Seeborg be granted, this motion will be heard at 9:30 a.m., on January 23, 2008, before the Honorable Richard Seeborg, in Courtroom 4, on the fifth floor of the United States Courthouse located at 280 South First Street, San Jose, California.

**RELIEF REQUESTED**

The United States requests the dismissal with prejudice of Plaintiff's complaint in its entirety.

**ISSUES PRESENTED**

Whether this Court lacks subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies.

**MEMORANDUM IN SUPPORT OF MOTION**

**INTRODUCTION**

On November 8, 2007, plaintiff filed a complaint in Santa Clara County Superior Court against Vic Borba and Carolyn Goodwin, employees with the Social Security Administration in San Jose, California. Plaintiff seeks $4,300.00 for breach of contract."[2] Defendant filed a notice of removal in both state and federal court on December 10, 2007. For the following reasons,

---

[2] This is the same claim that plaintiff litigated in Cook v. USA, CV 05950 RS, which the Court previously dismissed. It is also the same claim that plaintiff is litigating in Cook v. USA, CV 07 06068 RS. On December 14, 2007, defendants filed a notice of related cases and administrative motion to transfer the subject case to Magistrate Judge Seeborg, who was assigned the prior two cases and is familiar with the nature of plaintiff's claim and defendants' defenses.

DEFENDANT'S MOTION TO DISMISS
C 07 06232 HRL

2

this Court should dismiss plaintiff's complaint with prejudice.

## FACTS

All three lawsuits apparently involve an ongoing dispute between plaintiff and the Social Security Administration (SSA) regarding returned checks. Plaintiff claims that he is entitled to checks that were returned to the SSA as undelivered. Defendant contends that plaintiff was not entitled to these checks due to his incarceration. Defendant further contends that plaintiff received and cashed other checks to which he was not entitled because he was incarcerated. The SSA determined that plaintiff was overpaid $3,336.78 from his periods of ineligibility, but has decided to waive the overpayment. Declaration of William Zuroff at paragraphs 4, 7.

Plaintiff has not yet fully exhausted his administrative remedies. Plaintiff's case is still pending with the SSA. On September 14, 2007, plaintiff requested a hearing before an Administrative Law Judge. That request is still pending. Declaration of William Zuroff at paragraph 8. Should the hearing officer find against plaintiff, plaintiff would then have the right to request review by the Appeals Council. Plaintiff has not exhausted his administrative appeal rights until he obtains a decision by an Administrative Law Judge and has that decision reviewed by the Appeals Council. Declaration of William Zuroff at paragraph 9.

Plaintiff does not allege that he has exhausted said administrative remedies.

## ARGUMENT

Dismissal is appropriate under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the Court lacks subject matter jurisdiction over the claim. Federal subject matter jurisdiction must exist at the time the action is commenced. Morongo Band of Mission Indians v. California Board of Equalization, 858 F.2d 1776, 1380 (9th Cir. 1989). A Rule 12(b)(1) motion may either attack the sufficiency of the pleadings to establish federal jurisdiction, or allege a lack of jurisdiction that exists despite the formal sufficiency of the complaint. Thornhill Publishing Co., Inc. v. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979); Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987). A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears. Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989).

DEFENDANT'S MOTION TO DISMISS
C 07 06232 HRL

1  On a motion to dismiss for lack of subject matter jurisdiction, the Court may look to
2  matters outside the scope of the pleadings in order to resolve a jurisdictional issue.  In resolving
3  the jurisdictional issue on a motion, the Court should apply the same standards that it would
4  apply to a motion for summary judgment, and Plaintiff's jurisdictional allegations are not
5  presumed truthful.  Rosales v. United States, 824 F.2d 799, 803 (9th Cir. 1987).

6  **1.  Plaintiff Has Not Exhausted Administrative Remedies for a Tort Claim**

7  The federal government may only be sued where it has expressly waived its sovereign
8  immunity.  The FTCA constitutes a limited waiver of the United States' sovereign immunity for
9  claims that are based on the negligent or wrongful acts of the United States.  Yanez v. United
10  States, 63 F.3d 870, 872 (9th Cir. 1995).  The FTCA provides that the government may be sued
11  for torts caused by the negligence or wrongful act or omission of any government employee
12  while acting within the course and scope of his or her employment.  28 U.S.C.A. § 1346(b)(1).
13  The District Courts have exclusive jurisdiction over such claims.  28 U.S.C. § 1346(b).

14  On a motion to dismiss for lack of subject matter jurisdiction, the Court may look to
15  matters outside the scope of the pleadings in order to resolve a jurisdictional issue.  In resolving
16  the jurisdictional issue on a motion, the Court should apply the same standards that it would
17  apply to a motion for summary judgment, and Plaintiff's jurisdictional allegations are not
18  presumed truthful.  Rosales v. United States, 824 F.2d 799, 803 (9th Cir. 1987).

19  An administrative claim must be presented to the federal agency employing the person
20  whose act or omission caused the injury.  An action under the FTCA requires that the plaintiff
21  first exhaust his administrative remedies.  28 U.S.C. § 2675(a) provides in pertinent part:

22  **(a)** An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or
23  personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within
24  the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and
25  his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

26  28 U.S.C. § 2675(a).

27  "Section 2675(a) establishes explicit prerequisites to the filing of suit against the
28

DEFENDANT'S MOTION TO DISMISS
C 07 06232 HRL

4

1  Government in district court. It admits of no exceptions." <u>Jerves v. U.S.</u>, 966 F.2d 517, 521 (9th
2  Cir. 1992). Where a plaintiff has not exhausted the administrative claims procedure required
3  under the FTCA, plaintiff's complaint must be dismissed for lack of subject matter jurisdiction.
4  <u>McNeil v. United States</u>, 508 U.S. 106 (1993). "28 U.S.C. § 2675(a) specifies that a suit may not
5  be instituted against the United States unless it is first presented to the appropriate federal agency
6  and either finally denied or permitted to languish for six months without resolution. This claim
7  requirement is jurisdictional in nature and may not be waived." <u>Spawr v. United States</u>, 796 F.2d
8  279, 280 (9th Cir. 1986); see also <u>Burns v. United States</u>, 764 F.2d 722 , 723 (9th Cir. 1985)
9      If the claim is not presented before commencing suit, the suit must be dismissed even if
10  the claim is subsequently presented. <u>McNeil v. United States</u>, 508 U.S. 106 (1993)
11      In the present case, plaintiff did not fully exhaust the administrative process with the
12  Social Security Administration prior to commencing this litigation, as required by the FTCA.
13  Thus, plaintiff has not met the jurisdictional requirements for a tort suit against the federal
14  government, and the United States has not waived its sovereign immunity as to plaintiff's
15  allegations concerning the Social Security Administration. Because the claim procedure must be
16  exhausted prior to commencing a District Court action, this Court lacks subject matter
17  jurisdiction and should dismiss plaintiff's complaint without leave to amend.
18      <u>     2,</u>    **Plaintiff Has Not Exhausted Administrative Remedies Regarding a**
19          **Challenge to a Social Security Benefits Decision.**
20      The doctrine of sovereign immunity bars all suits against the United States except where
21  there is an express statutory waiver of that immunity. <u>Lehman v. Nakshian</u>, 453 U.S. 156, 160,
22  101 S.Ct. 2698, 2701(1981), quoting <u>United States v. Testan</u>, 424 U.S. 392, 399, 96 S.Ct. 948,
23  953 (1976), quoting <u>United States v. Sherwood</u>, 312 U.S. 584, 586, 61 S.Ct. 767, 769 (1941).
24      The Social Security Act (the Act) provides the sole jurisdictional basis for judicial review
25  of administrative actions concerning benefit claims, and judicial review is available only where
26  the Commissioner has issued a final decision after a hearing to which claimant is a party.
27  <u>Schweiker v. Chilicky</u>, 487 U.S. 412, 424, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988). Section 205
28  provides that:

DEFENDANT'S MOTION TO DISMISS
C 07 06232 HRL

>(g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow... As part of her answer, the [Commissioner] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.   * * *
>
>(h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. <u>No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided</u>.  No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this title.

42 U.S.C. §§405(g) and (h) (emphasis added).  The term "final decision" is undefined in the Act, but "its meaning is left to the Secretary [Commissioner] to flesh out by regulations." <u>Weinberger v. Salfi</u>, 422 U.S. 749, 766, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975).  Under the Act, the authority to determine what constitutes a "final decision" ordinarily rests with the Commissioner.  <u>Mathews v. Eldridge</u>, 424 U.S. 319, 330, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976).

To the extent that plaintiff is suing the United States because the Social Security Administration ("SSA") is claiming that plaintiff is not entitled to the disputed checks due to his incarceration, plaintiff has not exhausted administrative remedies under the Social Security Act.  The SSA regulations provide that a claimant must complete a four-step administrative review process to obtain a judicially reviewable final decision.  20 C.F.R. § 416.1400(a).  If the claimant does not pursue administrative appeal rights, the administrative determination or decision becomes binding.  20 C.F.R. § 416.1405, 416.1421, 416.1455, and 416.1481.  Under the regulations, an individual assessed with an overpayment may request waiver of adjustment or recovery of an overpayment of SSI benefits.  20 C.F.R. § 416.550.  The claimant would then receive an initial determination.  20 C.F.R. § 416.1404.  If dissatisfied with this determination, the claimant may ask for reconsideration.  20 C.F.R. § 416.1407.  If dissatisfied with the reconsidered determination, the claimant may request a hearing before an Administrative Law Judge ("ALJ"). 20 C.F.R. § 416.1429.  If the claimant is dissatisfied with the ALJ's hearing

1 decision, the claimant may request that the Appeals Council review the decision. 20 C.F.R. §
2 416.1467.  The Appeals Council may deny the request for review and allow the ALJ's decision to
3 stand as the final decision of the Commissioner or the Appeals Council may grant the request for
4 review and issue its own decision.  20 C.F.R. § 416.1481.  It is only after the completion of this
5 administrative process that the Plaintiff receives a "final decision of the Commissioner" which
6 triggers the right to judicial review under the statute. 42 U.S.C. § 405(g).

   Here, plaintiff failed to satisfy the jurisdictional prerequisite; thus, his overpayment claim is barred as a matter of law.  Plaintiff filed this action before his claim was heard by an ALJ and before his potential appeal was heard by the Appeals Council (in the event the ALJ finds against plaintiff).  Plaintiff has not received a final decision of the Commissioner for review by this Court.

   Moreover, plaintiff is attempting to sue individual government employees.  Individual government employees cannot be sued in tort for matters arising out of their employment.  See 28 U.S.C. §2679(d).  Thus, Mr. Borba and Ms. Goodwin, federal employees acting within the course and scope of their employment, are not proper defendant in this action.  Consequently, the Court should dismiss with prejudice plaintiff's claims against them.

**CONCLUSION**

For all of the foregoing reasons, the United States respectfully requests that plaintiff's complaint be dismissed with prejudice.

DATED: December 14, 2007            Respectfully submitted,

                                    SCOTT N. SCHOOLS
                                    United States Attorney


                                     /sl James Scharf
                                    JAMES A. SCHARF
                                    Assistant United States Attorney

DEFENDANT'S MOTION TO DISMISS
C 07 06232 HRL

7

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

DEFENDANT UNITED STATES OF AMERICA'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**MICHAEL COOK v. UNITED STATES OF AMERICA**
**NO: C 07-06232 HRL**

to be served this date upon the party(ies) as follows:

√    **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

to the parties addressed as follows:

**Michael Cook
California State Prison
P.O. Box 290066
Represa, CA 95676**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14[h] day of December, 2007, at San Francisco, California.

/s/
_____
Mimi Lam
Legal Assistant

ATTACHMENT A

| | |
|---|---|
| MICHAEL COOK, | ) |
| Plaintiff, | ) ) ) ) DECLARATION OF ) WILLIAM ZUROFF |
| v. | ) ) |
| JACOB PEREZ, Agent, Social Security Administration, Defendants | ) ) ) ) ) |

I, William Zuroff, hereby declare and state as follows:

1. I am a Management and Program Analyst for the Social Security Administration (SSA). In the course of my duties, I have access to certain records, documents, and other information established and maintained by SSA. This declaration is based upon records, documents, and information relative to Michael Cook, Social Security Number 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.

2. Mr. Cook became entitled to Supplemental Security Income (SSI) payments in March 1999.

3. Mr. Cook became ineligible for SSI payments effective with October 2002 due to being incarcerated in a penal institution.

4. Mr. Cook was overpaid $3,336.78 from his periods of ineligibility.

5. SSA reviewed his overpayment decision and issued a revised determination

1

concerning the overpayment on February 27, 2007. A notice was issued to Mr. Cook advising him of this revision and included administrative appeal rights.

6. On April 9, 2007, Mr. Cook filed a request for reconsideration on the revised decision.

7. As a result of the reconsideration request filed by Mr. Cook, SSA waived the full overpayment of $3,336.78 against him. SSA issued a notice on July 27, 2007, notifying Mr. Cook of the decision to waive the overpayment. This notice included language informing Mr. Cook of the next administrative step in the appeal process, filing a request for a hearing before an Administrative Law Judge (ALJ).

8. On September 14, 2007, Mr. Cook sent SSA a letter requesting an ALJ hearing based on the letter he received dated July 27, 2007. A decision has not been made on this request.

9. In order to exhaust his administrative remedies, Mr. Cook must receive a decision from an ALJ, and, if the ALJ denies his claim, he must request review of the ALJ decision by the Appeals Council. Until Mr. Cook as received an ALJ decision and review by the Appeals Council, he has not exhausted his administrative appeal rights.

///

///

///

10. The hearing request is pending assignment to an ALJ; thus, it has not been dismissed.

I declare under penalty of perjury that I have reviewed the statements above and they are true and correct.

DATE: December 5, 2007

                              /s/ William Zuroff
                              William Zuroff
                              Management & Program Analyst
                              Social Security Administration
                              Center for Program Support
                              Region IX, San Francisco