The United States District Court for the Northern District of California

Cook, plaintiff
v
U.S.A, Defendant

Motion for reconsideration of Judgement also summary of Judgement

1. Plaintiff Michael Cook, brings this Motion before the Court expressing that once again plaintiff is being denied her right to due process pertaining to several benefit checks that were returned to sender unnegotiated. The included exhibit would clearly demonstrate were plaintiff has been informed by the SSA, that he is only entitled to a hearing pertaining to these payments once he is released. It should be considered that plaintiff has at least 10 yrs left on his sentence. The Court is aware of the fact that several (six to be exact) benefit checks were returned to the SSA unnegotiated. It is clear violation of plaintiffs due process rights to withhold a

recover these checks, with out giving plaintiff due consideration prior to recovery in a statutory hearing before a administrative law Judge. Plaintiff has once again been denied his statutory right. It needs to be expressed to the Court that due process is flexible, and the fact or the alledged reason for denying plaintiff this right due to his incarceration is unconstitutional, as it ~~would have to be proven in a~~ hearing that Plaintiff is even incarcerated at the present time. So in this posture plaintiffs incarceration becomes irrelevent. Plaintiff was paid these checks also givin a property interest, and a security interest once these checks were assigned and delevered to plaintiff, thus making plaintiff the sole owner of these checks. The defendant has agreed to the fact that it has possession of these

returned checks. The defendant is now returning or withholding these checks without due process, and proper abitration. Plaintiff would like to express to the court, that he has filed several law suits in simply incouraging the defendant to comply with the law pertaining to payments made or to overpayments, Each time the defendant has acknowledged there defect and agreed to comply with Plaintiffs due process rights, only to then, ONCE Again deny plaintiff his rights

3. It is now plaintiffs request that the court acknowledge that the defendant will not act Abitrarily on its own accord, and will only comply with a court order from the court. Plaintiff is now requesting that all administrative remedies be deemed exhausted and order the SSA to forward all returned benefit checks respectfully Submitted by

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee of the Office of the United States Attorney for the Northern District of California and is a person of such age and discretion to be competent to serve papers. The undersigned further certifies that she is causing a copy of the following:

**SIGNED Declaration of William Zuroff**

<u>**MICHAEL COOK v. JACOB PEREZ**</u>
**NO: C 07-06232 RS**

to be served this date upon the party(ies) as follows:

**√**   **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

___   **CERTIFIED MAIL** (#) by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

___   **PERSONAL SERVICE (BY MESSENGER)**

___   **FACSIMILE (FAX)**  Telephone No.: _____

___   **FEDERAL EXPRESS**

___   **HAND-DELIVERED**

to the parties addressed as follows:

Michael Cook
T-79529
Kern Valley State Prison
California State Prison
Post Office Box 5104
Dalano, CA 93216

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 2nd day of January 2008, at San Jose, California.

/s/ *Mimi Lam*

Mimi Lam
Legal Assistant

MICHAEL COOK, )
)
    Plaintiff, )
)
) DECLARATION OF
v. ) WILLIAM ZUROFF
)
)
JACOB PEREZ, )
Agent, Social Security Administration, )
    Defendants )
)
)

I, William Zuroff, hereby declare and state as follows:

1. I am a Management and Program Analyst for the Social Security Administration (SSA). In the course of my duties, I have access to certain records, documents, and other information established and maintained by SSA. This declaration is based upon records, documents, and information relative to Michael Cook, Social Security Number ███3056. 

2. Mr. Cook became entitled to Supplemental Security Income (SSI) payments in March 1999.

3. Mr. Cook became ineligible for SSI payments effective with October 2002 due to being incarcerated in a penal institution.

4. Mr. Cook was overpaid $3,336.78 from his periods of ineligibility.

5. SSA reviewed his overpayment decision and issued a revised determination

1

concerning the overpayment on February 27, 2007. A notice was issued to Mr. Cook advising him of this revision and included administrative appeal rights.

6. On April 9, 2007, Mr. Cook filed a request for reconsideration on the revised decision.

7. As a result of the reconsideration request filed by Mr. Cook, SSA waived the full overpayment of $3,336.78 against him. SSA issued a notice on July 27, 2007, notifying Mr. Cook of the decision to waive the overpayment. This notice included language informing Mr. Cook of the next administrative step in the appeal process, filing a request for a hearing before an Administrative Law Judge (ALJ).

[handwritten annotation: Thus the statute creates a property interest in retention of overpayments if waiver is met]

8. On September 14, 2007, Mr. Cook sent SSA a letter requesting an ALJ hearing based on the letter he received dated July 27, 2007. A decision has not been made on this request.

9. In order to exhaust his administrative remedies, Mr. Cook must receive a decision from an ALJ, and, if the ALJ denies his claim, he must request review of the ALJ decision by the Appeals Council. Until Mr. Cook as received an ALJ decision and review by the Appeals Council, he has not exhausted his administrative appeal rights.

///

///

///

10. The hearing request is pending assignment to an ALJ; thus, it has not been dismissed.

I declare under penalty of perjury that I have reviewed the statements above and they are true and correct.

DATE: December 5, 2007

_William C. Zuroff_
William Zuroff
Management & Program Analyst
Social Security Administration
Center for Program Support
Region IX, San Francisco

A decision has not been made





**SOCIAL SECURITY ADMINISTRATION**

Refer To:
3056
Michael C Cook

Office of Disability Adjudication and Review
Suite 200
2031 Howe Avenue
Sacramento, CA 95825-0178
Tel: (866)321-8793 / Fax: (916)925-5014

January 23, 2008

Michael C Cook
CSP Sacramento  , CDC # T79529
P O Box 290066
Represa, CA 95671

Dear Mr. Cook:

This is to inform you that we will schedule you for a hearing before an administrative law judge once you are released from incarceration. As soon as you are released and know where you will be residing, you are to contact our office immediately at the address shown above. You may also call this office with the information at (866) 321-8793. It is your responsibility to keep this office fully informed of your whereabouts. Therefore, if you should be moved to another facility and/or are released, contact this office immediately. Be sure you include your social security number on all correspondence and an address and phone number where you can be contacted if necessary. Your cooperation is greatly appreciated.

Sincerely yours,


Administrative Law Judge

*E-FILED 1/28/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHAEL COOK,

Plaintiff,

v.

UNITED STATES OF AMERICA,

Defendant.[1]

NO. C 07-06068 RS
NO. C 07-06232 RS

**ORDER GRANTING MOTIONS TO DISMISS**

This Court first became aware of plaintiff Michael Cook's dispute with the Social Security Administration ("SSA") when Case No. 06-05950 RS ("the 5950 case") was randomly assigned to it, and the parties consented to the jurisdiction of the undersigned to adjudicate the matter. The parties are familiar with the series of orders that issued in the 5950 case, both before and after it was dismissed with prejudice. Cook's appeal of the dismissal of the 5950 case is presently pending before the Ninth Circuit.

---

[1] The original defendant in case No. C 07-06068 RS was Jacob Perez. Case No. C 07-06232 RS originally named Vic Borba and Carolyn Goodwin as defendants. In both actions, the United States Attorney certified that the named individual defendants were acting within the course and scope of their employment by the United States of America, with the result that the United States was automatically substituted as the defendant. The caption on defendant's reply brief in support of these motions lists the defendant as Michael J. Astrue. That appears to be because defendant seeks dismissal of yet a third action brought by Cook, Case no. C 07-5085 RS. (Defendant's reply brief transposes two digits in that case number.) In that case, Cook named as the defendant Joanne Barnhardt, who was then secretary of the Social Security Administration. Astrue is Barnhardt's successor, and was automatically substituted as the defendant in that action. As discussed below, this order dismisses only case No. C 07-06068 RS and Case No. C 07-06232 RS.

1

The 5950 case was dismissed primarily on the grounds that Cook had failed to exhaust his administrative remedies. Apparently at least in part as a *result* of issues raised in the 5950 case, however, the SSA issued an amended notice of overpayment on February 27, 2007, that expressly triggered a new administrative appeal period. Additionally, it is undisputed that Cook in fact initiated a timely administrative appeal in connection with the amended notice. Accordingly, at the time the 5950 case was dismissed, it appeared that Cook would be able to raise his disputes in the course of an administrative appeal, and then, if necessary, file a new action for federal court review of any final administrative decision that he might believe to be erroneous.

Although the record is not entirely clear, it appears that shortly after the 5950 case was dismissed, the SSA informed Cook that it was waiving its right to collect what it contended was an overpayment of $3336.78. That decision was reflected in a letter dated July 27, 2007. The evidence submitted by both sides in these cases make it difficult to determine with certainty what occurred, but it seems that the SSA initially took the position that Cook had no right to any administrative appeal of the July 27, 2007 decision, because he could not claim to be aggrieved by the SSA's decision to waive the claimed overpayment. As the Court noted in an order issued in the 5950 case, however, the mere fact that the SSA waived what it contended had been an overpayment with respect to certain checks that issued and *were* negotiated was not a basis to preclude Cook from challenging the finding of the July 27, 2007 decision that he was not entitled to recover six specific checks that were returned to the SSA *without* having been negotiated.

In the present actions, defendant moves to dismiss on the basis that the SSA has now acknowledged that Cook is entitled a hearing before an administrative law judge, and that his request for such a hearing is still being processed.[2] Pending such a hearing, defendant is correct that Cook has not exhausted his administrative remedies, and that, as a result, the Court lacks jurisdiction to act. Accordingly the motions to dismiss will be granted, without leave to amend, but without prejudice to any new action that may be filed once Cook has exhausted his administrative remedies.

---

[2] It is not entirely clear whether the SSA understands that Cook may not be challenging whether "an overpayment existed" (Reply brief at 2:10), but instead likely is challenging whether the SSA has an obligation to send him those checks that were issued but *not* negotiated, and which therefore presumably were *not* part of the alleged "overpayment" that the SSA has waived.

2

In his capacity as an officer of the Court, the United States Attorney is directed to provide a copy of this order and all substantive orders from the 5950 case to the administrative law judge who hears Cook's administrative appeal. The Court expresses no opinion as to the merits of Cook's contentions that he is entitled to the disputed checks, but wishes to ensure that the facts and procedural history are fully understood and considered, so that any future court review will be substantive rather than procedural.

Cook is advised and directed to refrain from filing any additional cases regarding this matter in either federal or state court until and unless either: (1) the SSA fails, within a reasonable time, to schedule a hearing before an ALJ, in which case Cook may file a new action in this Court challenging the SSA's decision and alleging that he has effectively exhausted or been refused the opportunity to exhaust administrative remedies, or (2) the ALJ issues a decision, and Cook thereafter follows the procedures for seeking review of such a decision.

At this juncture, the Court declines to dismiss Case No. C 07-5085 RS *sua sponte*, where defendant has not been served and no motion to dismiss has been filed. It is worth noting, however, that from this record it would seem that dismissal without leave to amend on the same grounds as in these actions may ultimately be appropriate.

Finally, in light of this order, the various motions filed by Cook are denied as moot or on grounds that the relief he seeks is not proper, or both. The Clerk shall close the file.

IT IS SO ORDERED.

Dated: 1/28/08

RICHARD SEEBORG
United States Magistrate Judge

ORDER
C 07-06068 RS

3

1  THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:
2  James A. Scharf    james.scharf@usdoj.gov, mimi.lam@usdoj.gov
3  AND A COPY OF THIS ORDER WAS MAILED TO:
4  Michael Cook
   T-79529
5  Kern Valley State Prison
   California State Prison
6  Post Office Box 5104
   Dalano, CA 93216
7

8
   Dated: 1/28/08
9                                                    Richard W. Wieking, Clerk
10
                                                  By: _____Chambers_____
11

ORDER
C 07-06068 RS

4

*Clarification* *Copy #2*

## Social Security Administration
## **Supplemental Security Income**
Notice of Reconsideration

SOCIAL SECURITY
280 S FIRST ST
ROOM 244
SAN JOSE, CA 95113
Claim Number: ~~▓▓▓▓~~-3056
July 27, 2007
JUL

MICHAEL COOK
CSP SACRAMENTO
CDC T79529
PO BOX 290066
REPRESA CA 95671

Reconsideration Filed:
April 9, 2007

*[margin note: SSA now have went backward and turned this notice into a notice of overpymt of the original.]*

You filed an appeal on 04/09/07 regarding SSI returned checks when you were incarcerated.

We have carefully reviewed your file and all the facts we have, the following SSI checks were returned to SSA: 10/01, 11/01, 12/01, 02/02, 10/02 and 11/02. *you were not due any of the above cks due to incarceration — still Credited back to treasury*

However, there was an outstanding SSI overpayment in the amount of $3336.78 due to your incarceration for the following months: 10/00, 11/00, 01/02, 05/02 and 12/02.

*[margin note: What about the statutory on pre repayment having to post my properly interest]*

We have decided to waive the outstanding overpayment of $3336.78 and you do not have to pay it back.

*appeal dismissed — no longer issue since OP already waived — Zero Overpayment balance*

### If You Disagree With The Decision

If you disagree with this decision, you have the right to request a hearing. A person who has not seen your case before will look at it. That person is an Administrative Law Judge (ALJ). The ALJ will review your case again and look at any new facts you have before deciding your case.

*[margin: also the opportunity to appeal the original overpayment]*

- You have 60 days to ask for a hearing.

- The 60 days start the day after you receive this letter. We assume you got this letter 5 days after the date on it unless you show us that you did not get it within the 5-day period.

*This becomes deprivation without due process*

*It states right in this section that I have a right to request a hearing!*

See Next Page